UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| REGINA SHELTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 1:09-cv-0760-SEB-JMS |
| vs. ) | |
| ) | |
| LIFE INSURANCE COMPANY OF ) | |
| NORTH AMERICA and KELLOGG ) | |
| COMPANY WELFARE BENEFIT PLAN, ) | |
| ) | |
| Defendant. ) | |

**ORDER GRANTING PARTIAL MOTION TO DISMISS**

This cause is before the Court on the Partial Motion to Dismiss [Docket No. 18], filed on August 20, 2009, by Defendants Kellogg Company Welfare Benefit Plan and Life Insurance Company of North America ("LINA").  Plaintiff Regina Shelton sued Defendants, her former employer's benefit plan and the plan's administrator, under the Employee Retirement Insurance Security Act ("ERISA").  Shelton's complaint raised two claims: a claim for wrongful denial of long-term disability benefits under 29 U.S.C. § 1132(a)(1)(B) and a claim for breach of fiduciary duty under 29 U.S.C. § 1132(a)(2).  Defendants have moved to dismiss the claim for breach of fiduciary duty under Federal Rule of Civil Procedure 12(b)(6).  For the following reasons, Defendants' Motion to Dismiss is <u>GRANTED</u>.

## *Factual Background*

I.     *The Parties*

Ms. Shelton is a resident of Vallonia, Indiana.  She is a participant in the Kellogg Company Welfare Benefit Plan ("Kellogg Plan"), which is an employee benefit plan administered in Indiana.  Am. Compl. ¶¶ 2-3.  LINA is a Pennsylvania insurance company doing business in the State of Indiana.  Id. at ¶ 5.  LINA issued the subject disability policy to the Kellogg Plan, which promises to pay benefits to employees if they are unable to work due to injury or illness.  Id. at ¶6.  LINA processed Ms. Shelton's disability claim as claims adjudicator and payor of the claim.  Id. at ¶¶ 7-8.

II.    *Ms. Shelton's Position within the Company*

Beginning in 1988, Ms. Shelton was employed by the Kellogg Company as a Territory Sales Manager. Id. at ¶ 14.  The official description of this position is as follows: "Primary responsibility is to merchandise store shelves and displays with Kellogg's Snacks products under the direction of a Territory Manager and/or District Manager and to perform Territory Manager job duties as needed.  This position calls on assigned stores to deliver superior in-store merchandising service." Id. at ¶ 15.  According to the Amended Complaint, the daily physical activities involved in the position held by Ms. Shelton included bending, standing, reaching, kneeling, frequent lifting of up to fifteen pounds, and occasional lifting of up to fifty pounds.  Id. at ¶ 16.  Ms. Shelton was also required to travel daily within her territory and occasionally outside of that territory,

and the Complaint alleges that her schedule included nights, weekends, and early morning hours.  Id. at ¶ 16.

III.    Ms. Shelton's Alleged Disability

On April 7, 2008, Ms. Shelton underwent a combination of rectal and gynecological surgeries, and the extended recovery resulting from these procedures led her to apply, and obtain approval, for short-term disability benefits under the Kellogg Plan.  Id. at ¶ 17.  During the period in which she was receiving those short-term benefits, Ms. Shelton's physician imposed a permanent restriction prohibiting her from lifting more than ten pounds.  Id. at ¶ 18.  According to the Complaint, this restriction conflicted with one of the basic requirements of performing her job.

An employee's eligibility for benefits under the long-term disability provision of the Kellogg Plan is governed by the following language:

> An Employee is Disabled if, because of Injury or Sickness:
>
> 1. He or she is unable to perform all the material duties of his or her regular occupation, or solely due to Injury or Sickness, he or she is unable to earn more than 80% of his or her Indexed Covered Earnings.

Id. at ¶ 19.  Pursuant to this section, Ms. Shelton applied for long-term benefits under the Kellogg Plan.  Defendants denied her claim, and Ms. Shelton brought the present lawsuit, alleging violations of the Kellogg Plan and ERISA.

## *Legal Analysis*

### I.   *Standard of Review*

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009) (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to withstand the requirements of Federal Rules of Civil Procedure 8 and 12(b)(6).  <u>Id.</u>  A party moving to dismiss nonetheless bears a weighty burden. "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." <u>Twombly</u>, 550 U.S. 544, 563 (2007) (citing <u>Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.</u>, 40 F.3d 247, 251 (7th Cir. 1994) ("[At the pleading stage] the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint.")).  In addressing a Rule 12(b)(6) motion, we treat all well-pleaded factual allegations as true, and we construe all inferences that reasonably may be drawn from those facts in the light most favorable to the non-movant.  <u>Lee v. City of Chicago</u>, 330 F.3d 456, 459 (7th Cir. 2003); <u>Szumny v. Am. Gen. Fin.</u>, 246 F.3d 1065, 1067 (7th Cir. 2001).

### II.   *Defendants' Motion to Dismiss*

Defendants challenge Ms. Shelton's claim for breach of fiduciary duty on two grounds.  First, they argue that the Complaint fails to allege that Defendants' breach of

their fiduciary duty caused a loss to the plan as well as a loss to Ms. Shelton, as required under § 1132(a)(2). Second, they argue that <u>Varity Corp. v. Howe</u>, 516 U.S. 489 (1996), precludes Ms. Shelton from suing under both § 1132(a)(1)(B) and § 1132(a)(2). Because this Court finds that Ms. Shelton's Complaint fails to state a claim under § 1132(a)(2), it need not decide whether the claim is also barred under <u>Varity Corp.</u>

To state a claim under § 1132(a)(2), a plaintiff must allege that a plan fiduciary's breach of its fiduciary duty caused a loss to the plan. <u>See</u> 29 U.S.C. § 1109(a). Therefore, unless the plan is a defined contribution plan of the kind not at issue here, the plaintiff must show that the loss was suffered by the plan as a whole and not by the plaintiff as an individual participant. <u>See</u> <u>Mass. Mut. Life Ins. Co. v. Russell</u>, 473 U.S. 134, 140-42 (1985); <u>see also</u> <u>Brant v. Grounds</u>, 687 F.2d 895, 898 (7th Cir. 1982).

Ms. Shelton's Complaint fails to state a claim under § 1132(a)(2). The relevant claim for relief begins by merely reciting the language of 29 U.S.C. § 1104(a)(1), charging that LINA failed to act "solely in the interest of the participants of the employee benefit plan for the exclusive purpose of providing benefits to participants in accordance with the plan documents." Am. Compl. ¶ 31. The Complaint goes on to provide specific allegations that LINA wrongfully denied Ms. Shelton's claim. The Complaint does not, however, allege any specific facts about the administration of the Kellogg Plan beyond the allegedly wrongful denial of her individual claim. Therefore, notwithstanding Ms.

Shelton's assertions to the contrary, her Complaint is clearly one for individual relief.[1]

The denial of one claim is not in itself a breach of fiduciary duty. Russell, 473 U.S. at 142 ("A fair contextual reading of [section 1109(a)] makes it abundantly clear that its draftsmen were primarily concerned with the possible misuse of plan assets, and with remedies that would protect the entire plan, rather than with the rights of an individual beneficiary.") The plan's responsibility is to adjudicate claims according to the terms of the benefit plan, a process that can result in wrongful denials in individual cases even if the plan's fiduciaries meet their fiduciary duty to the plan as a whole.

In attempting to characterize her claim as one related to the administration of the plan as a whole, Ms. Shelton contends that LINA does not adjudicate claims with the best interests of the plan at heart. But she does so in conclusory terms, alleging that "LINA has a conflict of interest in this claim" and "a history of biased claim practices." Am. Compl. ¶¶ 11, 12. It does not take much to defeat a motion to dismiss, but in the context of a claim such as the present one, it takes more than an unvarnished allegation that a plan violated its fiduciary duty simply by wrongfully denying a single claim for benefits. Accordingly, Defendants' Partial Motion to Dismiss shall be granted.

This decision finds support in a recent ruling from this district. See Barker v. Life

---

[1] The Amended Complaint asserts twice that Ms. Shelton is bringing suit on behalf of herself and the participants of the Kellogg Plan. Am. Compl. ¶¶ 1, 38. The relevant provisions of ERISA allow civil actions "by a participant or beneficiary...to recover benefits due to him" or "by the Secretary, or by a participant, beneficiary or fiduciary for appropriate relief under section 1109 of this title." 29 U.S.C. § 1132(a)(1)(B; § 1132(a)(2). They do not allow suits by one plan participant on behalf of others, and Ms. Shelton cites no other authority for such a collective action. The Court accordingly treats the complaint as brought by Ms. Shelton alone.

Ins. Co. of N. Amer., No. 1:09-cv-0369 (S.D. Ind. Oct. 5, 2009) (McKinney, J.) (order granting motion to dismiss).[2] As the Court held in that case, "[i]t is not sufficient for a beneficiary to only allege that she was improperly denied benefits, and not that the Plan as a whole suffered a loss." Id. at *3. Ms. Shelton has only alleged the improper denial of her benefits; therefore, her claim under § 1132(a)(2) must fail.

### III. Conclusion

Having carefully considered the parties' arguments related to Ms. Shelton's claim for breach of fiduciary duty, the Court hereby GRANTS Defendants' Partial Motion to Dismiss.

IT IS SO ORDERED.

Date: _____03/08/2010_____

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Jennifer Jay Kalas
HINSHAW & CULBERTSON
jkalas@hinshawlaw.com

Renee J. Mortimer
HINSHAW & CULBERTSON
rmortimer@hinshawlaw.com

---

[2] In a third nearly identical case from this district, the court denied the motion to dismiss but addressed only the argument that § 1132(a)(1)(B) and § 1132(a)(2) were duplicative and could not be raised in the same suit. See Stone v. Life Ins. Co. of N. Amer., No. 1:08-cv-0438 (S.D. Ind. Sept. 8, 2008) (Young, J.) (order denying motion to dismiss).

Bridget L. O'Ryan
O'RYAN LAW FIRM
boryan@oryanlawfirm.com

Daniel Keenan Ryan
HINSHAW & CULBERTSON
dryan@hinshawlaw.com

Amanda Lynn Yonally
O'RYAN LAW FIRM
ayonally@oryanlawfirm.com